123-2195 Todd Point Mortgage Trust v. Melody Rovino Okay, good morning everybody. Just to remind you, we have 20 minutes aside. In addition, the appellant may have an additional 5 minutes in rebuttal. You don't need to reserve that. Keep your voices up because this microphone does not amplify, it only records. And do not feel compelled to use your entire 20 minutes. And I hope you have all received the order from the court asking you to address specific questions that were not necessarily addressed in your briefs. Alright, whenever you're ready, the appellant may begin. May it please the court, my name is Adam Goodman and my client's name is Melanie Clavijo. I'll begin with the homework. The first homework question was whether Melanie is a necessary party as either a successor to the mortgage or a tenant. And then our attention is drawn to two prior decisions. This question is fairly simple to answer. First, tenants are not necessary parties under the Illinois Mortgage Foreclosure Law scheme. That's found at 735 ILCS 5-15-1501. A bank or other party bringing a foreclosure may, but does not have to, name tenants. And typically does not because typically the bank does not know who the tenants are. And then there are two procedures whereby tenants may be evicted, assuming the bank is successful. I'm going to stop you because that seems like the obvious answer. But what confused us was Bank of New York versus Unknown Heirs, where it seemed like... Oh, okay, so tenant, you're talking about that, he wasn't a tenant, he was just an heir. I'll get to the case. So it's two separate questions is your point. A tenant is one thing, an heir is something else. So just to complete the thought, and I think counsel will probably agree with all of this, this is just a description of the Sanford scheme. Right. There are two procedures whereby a successful bank or other lender can evict or remove relatives of the buyer or tenants, whatever. Under certain circumstances, you can file what's called a supplemental eviction petition in foreclosure court. There are time limits on that, though, 90 days from the foreclosure. So in this case, that time would have passed. And then the other alternative would be to file what used to be called a forcible, an eviction under Section 9 of the Code of Civil Procedure. And neither of those were done in this case, I assume. Not yet. I mean, if I win, it's possible an eviction will follow on remand. Is she still a tenant? Yes, she still lives there. So the answer to the second facet of this question about successor to the mortgage, it is Melanie's position that she is not a successor to the mortgage, and that's because there's a probate case. And if you look at the caption, you can see that her mother is the administrator of the estate of her father and is also named as next friend of her minor sister, then minor sister. And so she, because there's a probate case and because there's an administrator, there was no need to name her as a defendant. She was named as a permissive defendant. And that's what distinguishes this case from Bank of New York v. Unknown Heirs and Legatees and Wells Fargo v. Simpson. In both of those cases, there is no inkling or hint anywhere in the appellate opinion or the caption that there was a probate proceeding or that there was an administrator appointed. And under those circumstances, as the court probably knows from other cases, there is a mechanism whereby the bank asks the trial judge to appoint a retired judge or lawyer experienced in this area or whatever as the representative to look for the heirs, and the bank pays the lawyer to do that. In different counties it's handled differently, but in Cook County typically that lawyer files an answer on his or her own behalf. And then the plaintiff sometimes amends the complaint to add people or sometimes proceeds with the case against that person in a representative capacity, akin to other cases, other situations where people proceed in representative capacity. The mortgage foreclosure law has several other provisions like that. If you look in the caption here, you'll see that Todd Coyle, or its predecessor in interest, named unknown owners and non-record claimants. Those are, of course, legal fictions. One might advertise against them or post against them, but, you know, that rarely actually finds it. So the fact that there was a representative appointed to stand in the shoes of the mortgage or makes any error not a necessary part. Right, permissive. That is simply true. Could have been added. Right. Or she wasn't. She was necessary. Right, right. And we'll get to the consequences of that later probably. But, you know, Judge Spratt below felt constrained by the language of the Laskowski case. And as is discussed in the briefs and as I'll get to below, I think Ms. Clavijo is differently situated than Mr. Laskowski in certain ways. She didn't engage in dodgy estate planning or asset protection techniques or foreclosure avoidance. She merely survived her father. Right. So when this Court criticized Mr. Laskowski in the Laskowski decision, it felt that he had created vehicles. I think one of them was called Pacific and one of them was actually called foreclosure defense. He created vehicles in an attempt to throw roadblocks like Wiley, Coyote, and Roadrunner. He was attempting to throw roadblocks in the bank's way. Certainly that's all true, but I did not read that decision, or I think that decision can be read as not resting on any of that and simply holding in a sort of simple we're here to help the trial courts do their business. If somebody is not a necessary party, then failure to serve them means that the foreclosure is still valid. I mean, I think Laskowski can be read that simply. Right, and I think that's how Judge Spratt felt constrained to interpret it, and I'll get to that in a moment in the affirmative argument. But turning to the second piece of homework, the question was asked, what relief if any Melanie Clavijo is entitled to if the judgment were to be vacated only as to her and the foreclosure judgment itself were to stand? Well, there are certain secondary or tertiary things. She might be entitled to costs in this court. She might be entitled to costs in the trial court. More importantly, as it's baked into the question, that there would be no judgment against her that might have some positive effect on her credit or other aspects of her life in future. As we sit here today, there is a judgment against her. Correct. Okay. And the third and most important tangible thing for both Melanie and the bank, as well as perhaps Melanie's relatives given the business practices of the Cook County Sheriff, is that Melanie couldn't be evicted because there would be no legal basis. If there's no judgment against her, then there's no order terminating. The trial court would no longer have an order terminating her right of possession, and therefore she would be able to remain in possession. Well, couldn't an eviction actually? Well, eviction would have to be brought. Right, right. And as a practical matter, anyone else living there with her might, even if those persons were parts to the foreclosure judgment, might benefit from that because the Cook County Sheriff does not engage in piecemeal evictions. They don't want to have to walk through the premises and ask, you know, whose personal property is this or whatever. They wait until the – But isn't that the purpose of the unknown occupants language? It would if unknown occupants were named, which is typical in an eviction. But here in the foreclosure, the bank did not choose to name unknown occupants. They named unknown owners and non-record claimants. And Melanie, of course, would not be a non-record or unknown, given that she was named as a defendant in the case. But I think the second question, while analytically or intellectually interesting, is not something the court should do. The plaintiff sought judgment against Melanie, and it didn't serve her. And the case law we rely upon in our appellate brief, in which Todd Point, to its credit, does not really contest, it is well settled, it is well settled in this court, in the Illinois Supreme Court, in the United States Supreme Court, that the plaintiff is the master of its case. The plaintiff has the right to make strategic decisions. One sees this all the time. People structure a claim for more or less than $30,000 or more or less than $50,000 so that they can be in municipal versus law. They structure a claim for more or less than $75,000 if federal versus jurisdiction exists so that they can or can't be in federal court. So you're saying that by naming her they turn her into a necessary party? No. They named her. They never non-suited her. Right. And then they got judgment against her. So if all that is wrong, why does that mean that the foreclosure itself needs to be vacated? Well, the judgment needs to be vacated against her. Okay. And I would respectfully suggest that it should be vacated. It's one judgment. It's one piece of paper. And I would respectfully suggest that it should be vacated against everybody. And then if they want to non-suit her, and perhaps this is talismanic. Perhaps this is perhaps she'll reject my argument and feel that the process that I'm asking for is pyrrhic or pointless. But they're the master of their complaint. They named defendants A, B, C, and D. They then moved for summary judgment or default judgment, judgment of foreclosure against defendants A, B, C, and D. And Judge Splatt gave them a judgment, a single piece of paper against A, B, C, and D. Now, I'm only representing, let's say, A. Right? So I only perhaps have stated. Are you familiar with a case, for example? I'll read you this case. I don't think either party cited it, but Chmielewski v. Marriott. When a judgment or decree, and this is not just a foreclosure, against two or more defendants is vacated as to one of them, it need not for that reason alone be vacated as to any others. And that's kind of standard law. I mean, there has to be a reason, an interdependence between the claims that requires you when you vacate and it happens in tort cases, it happens all the time. There's some reason we have to vacate as to one defendant. That doesn't mean that the whole case falls apart. I would agree with that in general. If I were in a car accident with all three of you, and the money was awarded back and forth between and amongst us in some fashion, and then some issue caused the judgment to be vacated as to some but not all of the parties, that would be correct. But here we have an in rem claim where the bank is awarded possession, or it doesn't have to be the bank, but the successful bidder at the foreclosure sale, it's usually the bank. Sometimes it can be a third party, of course. A successful bidder at a foreclosure sale is awarded possession of a house, and that possession defeases all of the defendants of possession. Think of it as like the book closing or the door shutting, and all of those people are out, and then here the bank, but sometimes a third party is in. And the bank chose those people. This is why I don't think this is pyrrhic or talismanic or pointless. The bank chose those people. It did not need to choose to name Melanie. It did not need to choose to name Denise. It did not need to choose to name Maria as next friend of Sholly. I'm sorry, but going back to your analogy, if you sued all three of us, you chose to sue all three of us, and if the judgment is to Justice DeVos invalid, you chose them. Does that mean that Justice Johnson and I are free too? No, Your Honor, because the money, the judge or the jury, assuming the case went to summary judgment or jury ward or judicial verdict, there would have been separate judgments. I owe somebody $10,000. Somebody else owes somebody else $25,000. Somebody else owes somebody else $50,000, and perhaps a fourth line of potential liability. Not several liability, but okay. That's true. Sometimes there's joint and several liability. But it is qualitatively different. I would respectfully suggest, and I need not persuade you, you can, of course, you're free to reject the argument, but I would respectfully suggest that it's qualitatively different to defease a bunch of people and award a house to the plaintiff or to a stranger than to have a multiplicity of awards, even if some of the awards are joint and several. The reason why that's the case is twofold. They chose to do this, and there is now a judgment against her. Does this court have the power to just enter, write an opinion and enter a judgment, vacating that judgment? Sure. I don't think there's any dispute that that's the case. But it's irregular in the sense that there are all kinds of issues that are potentially raised by what the bank chose to do. Counsel, you keep saying that the bank chose to name the parties, which they did. However, it's the judge that chose to enter the judgment against the parties, correct? Of course. And so why wouldn't that judge be able to then amend or modify the judgment such that just your client is removed? The real issue is with the judge's order, not necessarily that they named the parties, because the judge, as Justice Mikva indicated, there could be joint and several liabilities. The judge could have found one or any number of the named parties liable. Right. Well, judge, in a foreclosure, I think customarily every defendant would either be included in the judgment or not suited by the plaintiff. But here, Judge Spratt found herself constrained by the language of Laskowski. She believed that she had to follow it. She rejected the argument to the contrary, which is similar to the argument being made before you today. If the court were to remand with instructions that Melanie be dismissed from the case or that judgment be entered in her favor because she was never served, and perhaps she'd be entitled to costs or something like that, that would be a possible resolution of the case. But what it wouldn't address necessarily, and this would need to be addressed somehow, whether it's addressed on remand, whether it's addressed in eviction court, what would need to be addressed somehow would be the preclusive effect of that judgment, of that modified judgment. Because if Tau Point or some successor in interest turns around and seeks to file an eviction case and uses the fact that it's foreclosed out, these defendants, but then, wait a minute, she was named as a defendant, she was never served, then she was dismissed from the case on appeal, or maybe she was dismissed from the case on remand. Illinois, there's no published Illinois law that I'm aware of squarely addressing the question of whether parents and children are automatically in privity. The law elsewhere is that typically they are not. But if you choose to add somebody, choose to make somebody a defendant, then fail to serve them, then choose to non-suit them, or are judicially directed to non-suit them, what preclusive effect does that have in a subsequent eviction? Why would it have a preclusive effect? Why wouldn't it? If the judgment is vacated against your client, then because she was never served, there was never a jurisdiction on her, now that's reset as to her, and now the bank proceeds forward against her. Well, that's the position I'm going to take if I'm hired to defend the eviction. I will be jumping up and down asserting that position, but if they're hired to prosecute the eviction, I imagine they're going to say that they have a superior right to possession against Melanie because they have an order of proving sale. And even if this court modifies the order of proving sale or directs the trial court, and Judge Spratt is no longer sitting in the foreclosure section, the judge is now sitting in that call to enter an order, you know, changing the contours of it, it's going to leave unanswered the question of the preclusive effect. So what we can find about that in the eviction court, evictions are, of course, normally supposed to be expedited, but I would respectfully suggest that the more efficient mechanism for fighting about it would be on remand in this case to allow Melanie to file an answer, raise defenses if she has any, and then they can move for summary judgment against her. And then they can, there's no third-party purchaser to be prejudiced. If they obtain summary judgment against her, then they can have another sale. And presumably they would be the successful bidder again. And that would avoid... Just out of curiosity, what possible defenses does she have to this foreclosure? I have the slightest idea. Neither do I. I haven't invested an instance in thinking about it. That's so funny. If you must know, I inherited this case from an attorney who was disbarred. Oh yes, I remember that. At the time I inherited it, it was fully briefed before Judge Spratt. So I argued his briefs before Judge Spratt. Judge Spratt understandably rejected his argument based on the strength of the language in Laskowski. We filed what we thought were somewhat better briefs in this court, frontally attacking Laskowski. The attorney who had been disbarred had sort of ignored Laskowski. And they responded. And obviously the court saw other issues. If there aren't any other questions... I don't have any. Then I will either waive or defer for rebuttal. They may say something very surprising. Don't waive it yet. Thank you. And before I start, thank you. I know nobody asked for argument. But as you can see, we have questions. So thank you for coming in for us. Good morning, Justices. Jason Altman for Plaintiff Appellee. It would appear, though, Mr. Goodman and I, to pick up on his statement about addressing the homework first, it seems like we were in the same study group because a lot of what I'm going to say parrots what Mr. Goodman said. And I certainly don't want to waste your time. But to address the two questions that this Court wished to hear, whether Melanie Clavijo is a necessary party either as a successor to the mortgage or as a tenant. Like Mr. Goodman, she is not a necessary party. Let's address as to the tenant. I agree with Mr. Goodman wholeheartedly. Whether she's a necessary party as a tenant, she is certainly not. The statute, the Mortgage Foreclosure Law Section 5-1501B1 answers that question definitively when it states that all persons having a possessory interest in the mortgage real estate are permissible parties. So that question, easy answer. And again, like Mr. Goodman, whether she's a necessary party as a successor to the mortgage. Also, that question is unequivocally answered. She is not. The successor in this instance is the administrator to the estate of the deceased mortgagee, or Mr. Clavijo. Which is her mother, right? Yes, correct. She is the administrator of the estate of Mr. Clavijo. So it seems without question that Ms. Clavijo, that Melanie Clavijo is not a necessary party as either a successor or as a tenant. So that, I believe, disposes with the first question or answers the first question that the court had. Unless I'm missing something and you had a question concerning that. Do you agree with counsel for the appellant that the case, the one case where the son was in jail, and he was considered, they don't talk about necessary parties, but he was treated as a necessary party, was because there was no success, nobody else to stand in the shoes of the mortgage lord? Yeah, the Bank of New York-Mellon versus unknown heirs case. You know, that court did not decide whether the appealing defendant, who was the incarcerated heir, was a necessary party as a successor to the deceased mortgage, or that issue was not decided by that court. But they vacated the mortgage. They vacated the judgment as a whole. They did, but that had to do with the fact that publication against unknown heirs was, the court, I believe, found it was insufficient. Because that heir was, I believe, going on memory error, my memory is not nearly what it once was, I believe that the court held that he was a known heir, and yet they- Right, so he wasn't properly served. He was not properly served. It's the same as this case, but in that case, they vacated the mortgage as a whole without ever talking about necessary parties, but basically, it seems to me, treated them as a necessary party or assumed that even, assumed what opposing counsel wants us to assume, which is that if you vacate the judgment as to any party, we have to vacate the judgment as a whole. Which I don't agree with, respectfully.  But additionally, Judge, I think it, Justice, it bears repeating, it's important to know that that case was decided before the Supreme Court's decision began, which then, you know, kind of addressed what do you do when you have a deceased mortgage award? Who's going to step into the shoes of- I see. My shoes aren't doing that. Yes. And everyone washed them off of their shoes when the Supreme Court decided it began. Gotcha. And we had clean boots and clarity. Yes. So, I suppose, cleaner, perhaps. So that's, unless you have any questions concerning the first issue that you had. The second question is, what relief, if any, is Melanie Clavito? And Clavito entitled to if the judgment is vacated only as to her and the judgment's stance? And do you agree the judgment needs to be vacated as to her? I will state that the only, that her affidavit challenging service, there was no counteraffidavit that was submitted by the plaintiff in the circuit court. There was only the existing process server's affidavit. So if ultimately that's the will of this court, that service was improper and judgment should be vacated as to her. But you never argued to the contrary. No, we did not. So you forfeited any argument that it was proper. But, practically speaking, if the judgment is vacated only as to her, what relief, if any, is she entitled to? I agree with Mr. Goodman that the relief, and I don't even know if it's necessarily relief is the right word, but what practically would likely happen is that the part of the foreclosure judgment order which awards possession to the plaintiff as to Ms. Clavito would need to be, that judgment order would need to be revised, removing her from the judgment, so that that order could not then be placed with the sheriff to evict her. There would have to be a new action to evict her at that point. So if that's considered relief, then so be it. There is a relief in as much as Mr. Goodman referenced. She now has a judgment against her in her credit report. That is where I do disagree with Mr. Goodman. There's no monetary judgment entered against her. She has no personal liability or monetary liability for the amounts that her father borrowed. But it would still show a foreclosure against her. It would show a foreclosure. Which is a negative impact, correct? I can't answer that. I wish I understood how credit ratings work. I do not. And I don't think there's anything in the record that addresses this issue. But do you agree it's not a good thing to have a foreclosure reflected on your credit report? I would prefer not to have it on mine. Yes. I will. Take notice of that. So I think that's really the only relief, again, removing her from the judgment and amending the judgment of foreclosure such that the sheriff could not evict her at that point or under the foreclosure judgment. And I guess I'll just be very brief unless you had a question for me. You just refreshed my recollection. So has there been a sheriff's sale? Yes. Yes. Okay. And my client was a successful bidder. So you agree she's still living on the property at this point? I personally don't know. I will defer to Mr. Goodman. Okay. You have no reason to disagree. I have no reason to doubt that. So if the judgment was vacated just as to the appellant here, would that then also invalidate the sale? I cannot think of a reason why it would if she's just merely a permissible party. I mean, I can't think of a reason why. Okay. And it bears repeating, and unfortunately this is the one thing I didn't bring with me or prepare, so shame on me. There's a provision in the mortgage foreclosure law that provides that, you know, a judgment doesn't impact non-named parties. And I'm painting with a broad brushstroke here. I'm not quoting the statute exactly. But if Ms. Clavijo, Melanie Clavijo, believes that she's got some vested interest in the property, then it's her right to try to assert those at some point. And she would not be impacted by that judgment. I guess that's something that she could argue in the future. Or you guys could work it out with her and sell her the property, whatever. Just saying. Not going to argue with you on that. So the only other thing I just wanted to point out was, and for what it's worth, we framed the issue on appeal differently than Mr. Goodman as to whether or not, even if Melanie, a permissive party, wasn't served, the circuit court was not divested of subject matter jurisdiction to enter the judgment and confirm the sale, even if she was not served. And the case law, which I'm not going to regurgitate here, the Laskowski decision, the Schoenberg decision, which I was counsel for the appellee in that case. And, Justice McPhee, you concurred in that decision. I mean, this case really is. It is Laskowski. It is Schoenberg. I shouldn't say it's Schoenberg. Schoenberg is a little bit factually dissimilar. But, you know, these decisions have been around for quite some time. Well, I'm just curious why in this case, and in Laskowski, I can't remember whether it's true in Schoenberg, but there's no discussion of the fact that the judgment as to the person who was never served needs to be vacated. And why did nobody do that below? Here or? I can't answer that. I can't answer that. Because there are ramifications, even if they are minor. There are ramifications to having a judgment against you. It is a good question, and I can't answer that. Okay. Unless your others had any. I do. Yes. Can we go back to my question regarding the sale and the effect of vacating the judgment as to the appellant? I think your answer that vacating the judgment against the appellant would not affect or invalidate the sheriff's sale presumes that the appellant has no defenses or claims in the foreclosure proceeding. But if she does, then wouldn't that necessarily cause us to have to invalidate the sale? Well, I think, again, we're dealing with a big what if. But to address the what if, if I was a betting man and your honors vacated the judgment only as to her, more likely than not my client would voluntarily dismiss her as a defendant. Okay. So if that were to happen, because she's only a permissible party. Which is agreed. Yes. Both sides agree. Yes, both sides agree. Then I don't believe there's, that never, that would never come to pass. So there would be no reason to vacate the sale. Thank you. You're welcome. Nothing further, unless your Honor. No, thank you, counsel. Thank you.  To briefly touch on some of what counsel said. Of course, as to much of what's been discussed this morning, there seems to be broad agreement. Counsel says, and this was in his brief that we addressed in our reply, that there's no dispute that the trial court, the circuit court, had subject matter jurisdiction. That's a red herring. There's no dispute that a judge of the circuit court of Cook County has subject matter jurisdiction over an attempt to foreclose on a house located in Cook County. Obviously, there's subject matter jurisdiction. The question is whether there's personal jurisdiction over this defendant, this appellant.  And, you know, counsel says, well, you know, if the court sends it back without directing the exact path for the case to take, and, you know, Mr. Goodman is given the ability to answer or otherwise plead on behalf of Melanie, you know, I predict my counter move will be to non-suit Melanie. Well, fine. Let him do that. And this is discussed in our briefs. They have every right to do that. And they're the masters of their case. Wait, I'm just confused for a second. Can they do that at this point? If we vacate the judgment as to her, that's it. It's over, right? They don't get to. No. It goes back. No, no. And they could prosecute her? There's judgment against her. We objected to that judgment saying she wasn't served. Although that judgment's improper because of the absence of personal jurisdiction. We even offered to prospectively waive proper service and answer or otherwise plead.  So if the court agrees with us and chooses a remedy not of ordering her dismissed or not of dismissing her. So they can go for it. And, you know, whatever we're placed to expect, the case returns for status conference. And I pipe up and say, well, I'd like 21 days to answer or otherwise plead. If he pipes up and says, that's not necessary. I'm not suiting her today. He has every right to do that. But if he doesn't do that, it just almost happens. Then it's a reset. We file an answer or a motion and it's just as if she had been served the day before. So he has every right. He's the master of his case. This is our entire theme of our appellant brief. So he has every right to do that. But he has to accept whatever the consequences are that are attendant to that. And he may or may not like them. One consequence to that is that there's in all likelihood going to be a summary eviction proceeding without discovery and without motion practice. And he no longer has a judgment against her and has, in fact, repudiated his judgment against her. And that might increase my odds dramatically of winning that eviction case over my odds of winning this foreclosure case. I might have no defense to the foreclosure case or the foreclosure case to play out. But who has a superior right to possession and eviction, I might win that. But if he's willing to take, if he's willing to accept the consequences of his decision, he's the master of his case. He has every right to make that decision. I suggested when I was before you for the first time 20 minutes ago that it might make more sense to litigate this in foreclosure court because there's more likely to be an accurate result. Because there's things like discovery and motion practice that don't exist in eviction court. But he has every right to forfeit those additional protections for him if he wishes. The only other thing I want to address is Leskowski. I would respectfully suggest that this court ought to do more than note in passing that it didn't address the consequences for the party not served. That Leskowski is followed on a regular basis by the trial courts in this state. And it is followed on a regular basis to excuse sloppy or non-service as to arguably permissive defendants. And so I realize that you don't overrule past decisions of other panels of the court in the same way that the Illinois Supreme Court or the United States Supreme Court might overrule you. But I would ask that the court's opinion express some form of limitation as to Leskowski. Of course Leskowski, you know, you can say of course, I can't say of course. Of course Leskowski did not intend to prevent litigants in this situation from arguing that because they weren't served, a judgment against them is improper. The Leskowski court was understandably concerned by Mr. Leskowski's use of estate planning or asset protection or foreclosure avoidance mechanisms to perhaps make a mockery of the courts. Conversely, Melanie Clavijo did nothing other than survive her parent in the 21st century. That is the standard. Those of us with children would hope that our children survive us. And she should not have a judgment against her solely because she survived a parent in the absence of servicing prosecutors. Thank you. Thank you. Thank you all. I would just add one thing, and that is in defense of our colleagues in eviction court. They do engage in motion practice and discovery when necessary. That is true. I try cases in eviction court with some frequency and sometimes win. But certainly one has to ask and one may not get. And at least at the daily center, one does not always have the same judge from time to time. I haven't discussed that. So you don't have the same continuity that you would have in chancery. But I do not. I mean, they're competing considerations. And the legislature has weighed them for us. And I am not challenging them. Thank you. Thank you. Thank you. Thank you all. We'll take this under advisement. And again, thank you for coming and answering our questions. All right.